UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                               )
ALEX FIDALGO VAZ,              )
          Plaintiff,          )
                               )    CIVIL ACTION
     v.                        )    NO. 21-10795-WGY
                               )
UNITED STATES OF AMERICA and   )
PRESIDENT JOSEPH R. BIDEN,     )
          Defendants.         )
                               )
_____
```

YOUNG, D.J.                                June 2, 2021

### MEMORANDUM AND ORDER

For the reasons stated below, the Court dismisses this action pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.

## I.   RELEVANT BACKGROUND

Alex Fidalgo Vaz ("Vaz"), a resident of Brockton, Massachusetts, commenced this action by filing a pro se complaint accompanied by a motion for leave to proceed in forma pauperis.  See Docket Nos. 1, 2.  The complaint is accompanied by several hundred pages of exhibits including  copies of pleadings and orders from Vaz v. Keybank, N.A. and MERS, No. 19 MISC 000093 (Middlesex Land Court).  Apparently, Vaz and his wife unsuccessfully argued that they were entitled to a discharge of the mortgage on their home.  Complaint ("Compl."), Docket No. 1-3, p. 118.  On May 24, 2021, Vaz filed a copy of a

document concerning his 2013 petition for a name change.   Docket No. 4.

Vaz' complaint is filed on the preprinted Pro Se 1 form (complaint for a  civil case) provided by the Administrative Office of the United States Courts, to which he attached hundreds of pages of exhibits.   Compl., Docket No. 1.   The defendants are identified as the United States and President Joseph R. Biden.   Id. at ¶ I(B).   The complaint lists the basis of jurisdiction as both "federal question" and "diversity of citizenship."   Id. at ¶ II.   In the section of the complaint concerning the basis for diversity jurisdiction, Vaz lists himself both as plaintiff and defendant.   Id. at ¶¶ II(B)(1), (2).   As to the amount in controversy, Vaz states that it "is the amount for the United States to renew [Vaz'] lease over jurisdiction on [his] Commonwealth land [and that the] lease renew is with a 100-years-term for:∞£ 10 googleplex British Sterling-Pound or U.S. Pound or U.S. dollars whatever case may be."   Id. at ¶ II(B)(3).

In the section of the complaint concerning federal question jurisdiction, Vaz references federal statutes, federal treaties, U.S. International Treaties, penal laws and the "U.S. Constitution - Article 1, Section 9, Paragraph 8."   Id. at ¶ II(A).   For the statement of claim, Vaz writes that the that he

> is the land owner, said land where United States has
> said jurisdiction, same applies to my Commonwealth.
> The defendant knew about the new Commonwealth's land
> owner since December 9, 2018.  The defendant decided
> not to comply with the said command [unintelligible]
> return issue an restraining order while it collects on
> behalf of my Commonwealth.

Id. at ¶ III.

For relief, Vaz seeks damages and asks "this court to order
the United States to comply with said order and to pay his
debts."  Id. at ¶ IV.  Vaz seeks the "formation of United
Kingdom of Great Britain and United States" as well as a "new
era for his subjects, citizens, dependents [because Vaz is an
ally] of the United States and seek to maintain said
relationship."  Id.

## II.  REVIEW

"Federal courts are courts of limited jurisdiction."
Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).
Federal district courts may exercise jurisdiction over civil
actions arising under federal law, see 28 U.S.C. § 1331 ("§
1331"), and over certain actions in which the parties are of
diverse citizenship and the amount in controversy exceeds
$75,000, see 28 U.S.C. § 1332 ("§ 1332").

Consequently, a plaintiff who seeks to bring his suit in a
federal forum bears the burden of establishing that the federal
court has subject-matter jurisdiction. See Gordo-González v.
United States, 873 F.3d 32, 35 (1st Cir. 2017).  "If the court

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

In conducting this review, the Court liberally construes Vaz' complaint because he is proceeding pro se. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

## III. DISCUSSION

Here, the complaint does not give rise to federal question or diversity jurisdiction. To the extent the complaint invokes the Court's diversity jurisdiction, the facts alleged fail to provide a basis for a claim under this Court's diversity jurisdiction.

Although Vaz invokes this Court's federal question jurisdiction, the laws referenced do not provide a cause of action. To the extent Vaz alleges violation of Article 1 of the United States Constitution, specifically, clause 9 of section 8, the allegations do not implicate the Emoluments Clause.[1]

---

[1] The Emoluments Clause, U.S. Const. Art. I § 9, cl. 8 provides:
   No Title of Nobility shall be granted by the United States: And no Person holding any Office of Profit or Trust under them, shall, without the Consent of the Congress, accept of any present, Emolument, Office, or Title, of any kind whatever, from any King, Prince, or foreign State.

Moreover, any claims against President Biden for acts performed in his official capacity as President of the United States must be dismissed because he absolutely immune from suit for damages "predicated on his official acts." Nixon v. Fitzgerald, 457 U.S., 749 (1982).  Additionally, the doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, including suits against its agencies, except where sovereign immunity has been waived. United States v. Mitchell, 445 U.S. 535, 538 (1980) ("It is elementary that he United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." (internal quotation marks and alterations omitted)).  Even if the complaint is construed as an action for damages under the Federal Tort Claims Act ("FTCA"), an FTCA action lies only against the United States, and only after plaintiff has satisfied the administrative prerequisites for such an action.

To the extent Vaz seeks to challenge the rulings of the Middlesex Land Court, the Rooker-Feldman doctrine deprives this Court of jurisdiction.  See Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983). "Under the Rooker-Feldman doctrine, 'lower federal courts are precluded from exercising appellate jurisdiction over

final state-court judgments.'" Tyler v. Supreme Judicial Court of Massachusetts, 914 F.3d 47, 50 (1st Cir. 2019) (quoting Lance v. Dennis, 546 U.S. 459, 463 (2006)).  The only federal court with authority to review the rulings of state courts is the United States Supreme Court.  Silva v. Massachusetts, 351 Fed.Appx. 450, 454 (1st Cir. 2009) ("28 U.S.C. § 1257 vests the United States Supreme Court with exclusive 'jurisdiction over appeals from final state-court judgments.'" (quoting Lance v. Dennis, 546 U.S. 459, 463 (2006)); see also Davison v. Gov't of P.R.-P.R. Firefighters Corps., 471 F.3d 220, 223 (1st Cir. 2006) ("the proper forum for challenging an unlawful state court ruling is the United States Supreme Court, on appeal of the highest state court's final judgment.").

Although the Court often affords pro se plaintiffs an opportunity to amend a complaint in recognition that "basic fairness, as well as 'sound prudential reasons,' counsel against most uses of the power to dismiss cases sua sponte," Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001), this is one of those cases in which it "is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile." Id. at 36 37 (1st Cir. 2001).

Given the nature of the identified jurisdictional deficiencies, amendment would be futile. In light of the above, this action will be dismissed.

**V.    CONCLUSION**

For the foregoing reasons,

1.    This action is DISMISSED without prejudice pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.

2.    In view of the dismissal of this action for lack of subject matter jurisdiction, no action will be taken on plaintiff's motion for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>.

3.    The Clerk shall enter a separate order of dismissal.

**SO ORDERED.**

<u>/s/ William G. Young</u>
WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE